STATE v. DEVERS.

1. LIQUOR: *Selling without license; indictment. Agent of licensed owner.*
   An indictment for selling liquor without license, need not allege that the owner had no license  The seller is presumed to be the owner when nothing to the contrary appears. But if he be the servant or agent of a licensed owner, he can show the fact in defense by proof on the trial.

State v. Devers.

ERROR to *Scott* Circuit Court.

Hon. J. H. ROGERS, Circuit Judge.

### STATEMENT.

Thomas Devers was indicted at the August term of the Scott Circuit Court, 1881, for selling liquor without license ; the indictment charging that he "the said Thomas Devers, on the 10th day of December, 1880, in the county of Scott, unlawfully did sell to one John Scroggins, one quart of ardent liquor, to-wit : whisky, without first obtaining a license from the county court of said county of Scott, authorizing him, the said Thomas Devers, to exercise such privilege, against the peace and dignity of the State of Arkansas."

The court sustained a demurrer to the indictment because it did not allege that the *owner* or *owners* of the liquor had no license to sell, and the State appealed.

*C. B. Moore*, Attorney-General, for appellant.

The indictment is in regular form. It alleges time, place and all else necessary to constitute a valid indictment, and is precisely similar to the one in *State* v. *Marsh*, 37 *Ark.*, 356.

Under *Act March* 8, 1879, *p. 34, sec. 1*, the court erred in sustaining the demurrer.

HARRISON, J. It was not essential that the indictment should have specifically alleged that the owner of the liquor had not obtained license. Without evidence to the contrary the law presumed the defendant to be the owner.

A licensed liquor dealer may sell by an agent or servant, and if the sale has been made by the defendant, as the agent or servant of one who had a license, that was matter of defense upon the trial. *The State* v. *Keith*, 37 *Ark.*, 96.

The indictment was sufficient and the court erred in sustaining the demurrer to it.

The judgment is reversed and the cause remanded.